STEPHEN M. HARBER, STATE BAR #119830
AMY ARSENEAUX EVENSTAD, STATE BAR #305828
McCUNE & HARBER, LLP
515 South Figueroa Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 689-2500
Facsimile: (213) 689-2501
sharber@mccuneharber.com and aevenstad@mccuneharber.com

Attorneys for Defendant, COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SARA BARBERIO, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a California Corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No: 2:20-cv-10637<br><br>(Complaint filed on October 19, 2020)<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B) DIVERSITY AND DEMAND FOR JURY TRIAL; DECLARATION OF AMY A. EVENSTAD IN SUPPORT THEREOF WITH EXHIBITS** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE CORPORATION (hereinafter, "Costco") by and through its counsel, hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division, for the reasons described below:

1. Costco is the defendant in a civil action pending against it in the Superior Court of California for the County of Los Angeles, entitled <u>Sara Barberio v. Costco Wholesale Corporation; and DOES 1 through 50 inclusive,</u> Case Number 20STCV40132, filed on or about October 10, 2020. A true and correct copy of the Complaint from the

-1-

state court action is attached hereto as <u>Exhibit A.</u>

2. A true and correct copy of Defendant Costco's Answer to Plaintiff's Complaint is attached hereto as <u>Exhibit B</u>, timely filed on November 20, 2020.

**JURISDICTION**

3. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. This case may be removed to this Court by Costco pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a case that could have been commenced in federal court based on the fact that it is a civil action between citizens of different states, and that the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

4. Both at the time that this action was commenced and at this time, Costco is incorporated in the state of Washington and has its principal place of business in Washington. "For the purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

5. In accordance with, and pursuant to <u>Indus. Tectonics, Inc. v. Aero Alloy</u>, 912 F.2d 1090, 1094 (9th Cir. 1990), if one state does not contain a substantial predominance of corporate operations, courts are to apply the "nerve center" test to determine a corporation's principal place of business. (<u>Tosco Corp. v. Communities for a Better Environment</u>, 236 F.3d 495, 500 (9th Cir. 2001).) The corporation's principal place of business is then determined by identifying the state "where the majority of the corporation's executives and administrative functions are performed." (<u>Id</u>.) This test is particularly appropriate where a corporation's activities are widespread and its operations are conducted in many states. (<u>Indus. Tectonics, Inc. v. Aero Alloy</u>, 912 F.2d at 1094; <u>see also</u> <u>Lurie Co. v. Loew's San Francisco Hotel Corp.</u>, 315 F. Supp. 405, 412 (N.D. Cal. 1970); <u>see also</u> <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 92-93 (2010) (holding that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally

be the place where the corporation maintains its headquarters. . . .).)

6. Here, Costco's employees, sales, production activities, tangible properties, purchases, income, etc. are spread across multiple states and multiple countries and no one state substantially predominates. (See, Declaration of Amy A. Evenstad, Esq., at ¶ 5.) Costco's headquarters are located in Issaquah, Washington, where its executive officers operate out of. (Id.) The majority of Costco's executive and administrative functions occur in Washington; and, Costco's senior management are located in Washington. (Id.)

7. Costco is informed and believes that Plaintiff Sara Barberio is a citizen of Los Angeles County, California. (See, Exhibit A, Complaint, at p. 1, ¶ 1, stating that Plaintiff is "an individual residing in the County of Los Angeles, State of California.") Thus, Plaintiff is a natural person, domiciled in the County of Los Angeles, in the State of California, which, Costco is informed and believes, is the "location where [she] has established a fixed habitation or abode…and [intends] to remain there permanently or indefinitely." (Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir. 1986).)

8. Plaintiff named "DOES 1 through 50 inclusive." The DOE defendants, however, are disregarded in determining diversity jurisdiction. (See 28 U.S.C. § 1441(b)(1); Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-691 (9th Cir. 1998).) Accordingly, complete diversity exists between Plaintiff and Costco.

9. Plaintiff, in her Complaint, alleges "severe and extreme injuries." (See, Exhibit A, Complaint, at p. 4, ¶ 27. Plaintiff also requests general and special damages according to proof. (See Exhibit A, Complaint, at p. 4-5, Prayer for relief, ¶¶ 1-2.)

10. Plaintiff has served upon Costco a settlement demand, which states that Plaintiff seeks medical expenses in the amount of $19,404.07, and general damages in the amount of $55,000.00, for a total amount of $79,404.07. (See Exhibit C, Settlement Demand, at p. 8.) In addition, plaintiff has identified an additional $15,000 in special damages attributed to future treatment. (Id.)

///

///

11. Based on the foregoing, Costco is informed and believes that Plaintiff is claiming more than $75,000 in damages, thus exceeding the statutory threshold to satisfy the amount in controversy and invoking federal court jurisdiction.

## INTRADISTRICT ASSIGNMENT

12. The state court action was filed in the County of Los Angeles, California, which serves as the basis for assignment to the First Street U.S. Courthouse, located at 350 W. 1st Street., Los Angeles, California, 90012, of the United States District Court, Central District of California, Western Division.

## NOTICE TO PLAINTIFF AND STATE COURT

13. Immediately following the filing of this notice of removal of action, written notice of this filing will be served on Plaintiff and will be filed with the Clerk of the Superior Court for the County of Los Angeles, in accordance with 28 U.S.C. Section 1446(d).

## DEMAND FOR JURY TRIAL

14. Costco demands a jury trial of twelve jurors pursuant to Fed. Rule Civ. Proc. 48.

WHEREFORE, Costco prays that the above-entitled action, currently pending in the Superior Court of the State of California, in and for the County of Los Angeles, be removed therefrom to the United States District Court for the Central District of California, Western Division, and that this action proceed in this Court as an action properly removed thereto pursuant to 28 U.S.C. section 1441, et seq.

DATED: November 20, 2020

McCUNE & HARBER, LLP

By: _____
STEPHEN M. HARBER, ESQ.
AMY A. EVENSTAD, ESQ.
Attorneys for Defendant, COSTCO WHOLESALE CORPORATION

# DECLARATION OF AMY A. EVENSTAD, ESQ.

I, Amy A. Evenstad, Esq., declare:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before the United States District Court for the Central District of California. I am a member of the law firm of McCune & Harber, LLP, counsel for Defendant COSTCO WHOLESALE CORPORATION (hereinafter, "Costco") in this action. The following is based on my personal knowledge and if called as a witness, I could and would testify competently thereto.

2. Attached as **Exhibit A** is a true and correct copy of Plaintiff's Complaint.

3. Attached as **Exhibit B** is a true and correct copy of Defendant Costco Wholesale Corporation's Answer to Plaintiff's Complaint.

4. Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff's Settlement Demand, dated February 24, 2020, which states that Plaintiff seeks medical expenses in the amount of $19,404.07, and general damages in the amount of $55,000.00, for a total amount of $79,404.07. In addition, plaintiff has identified an additional $15,000 in special damages attributed to future treatment.

5. As an attorney for Costco, I am aware that both at the time that this action was commenced and at this time, Costco is incorporated in Washington and has its principal place of business in Washington. Costco's employees, sales, production activities, tangible properties, purchases, income, etc. are spread across multiple states and multiple countries and no one state substantially predominates. Costco's headquarters are located in Issaquah, Washington, where its executive officers operate out of. The majority of Costco's executive and administrative functions occur in Washington; and, Costco's senior management are located in Washington.

///

///

///

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on November 20, 2020, at Los Angeles, California.

_____
AMY A. EVENSTAD, ESQ.

McCune & Harber, LLP
515 South Figueroa St.
Los Angeles, CA 90071
(213) 689-2500
Fax (213) 689-2501

# **PROOF OF SERVICE**

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is 515 South Figueroa Street, Suite 1150, Los Angeles, California 90071.

On November 20, 2020, I served the foregoing document described as **DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B) DIVERSITY AND DEMAND FOR JURY TRIAL; DECLARATION OF AMY A. EVENSTAD IN SUPPORT THEREOF WITH EXHIBITS**, on the interested parties by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Christopher Mandalian
MANN LAW GROUP
100 W. Broadway
Suite 750
Glendale CA 91210
(818) 296-9399
(818) 296-9433 Facsimile
chris@mannattorneys.com
Attorneys for Plaintiff SARA BARBERIO

__X__ BY ELECTRONIC SERVICE: I caused to be transmitted a true and correct copy of the above-entitled document(s) to recipients noted via electronic service at the recipient's office. This is necessitated during the declared national emergency and governor's executive order due to the Coronavirus (COVID-19) pandemic because staff in this office is working remotely and have limited access to send physical mail as usual. Therefore, the document(s) referenced above is/are served only by using electronic mail. Further, this service complies with Judicial Council Appendix I, Emergency Rules Related to COVID-19, Emergency Rule 12(b) Required Electronic Service, requiring attorneys to be electronically serve and receive notices and documents in all general civil actions and family and probate proceedings if requested to do so by the other party. The rule will stay in effect through 90 days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted, or when amended or repealed by the council.

__X__ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 20, 2020, at Los Angeles, California.

_____
JEANNETTE Y. CHAIDEZ