Case 2:20-cv-10637 Document 1-2 Filed 11/20/20 Page 1 of 6 Page ID #:8
Electronically FILED by Superior Court of California, County of Los Angeles on 10/19/2020 05:53 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk
20STCV40132
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Kristin Escalante

Christopher Mandalian, Esq. (SBN 322653)
MANN LAW GROUP
100 W. Broadway, Suite 750
Glendale, CA 91210
Telephone: (818) 296-9399
Facsimile: (818) 296-9433

Attorneys for Plaintiff,
SARA BARBERIO an individual

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SARA BARBERIO, an individual, <br><br> Plaintiff, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, a California Corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO.: 20STCV40132 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **NEGLIGENCE; and** <br> 2. **PREMISES LIABILITY** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, SARA BARBERIO (hereinafter, "Plaintiff"), hereby demands a jury trial, complains, and alleges against Defendant COSTCO WHOLESALE CORPORATION, an individual, and DOES 1 through 50, inclusive (hereinafter, "Defendant") as follows:

## THE PARTIES

1. At all relevant times, Plaintiff SARA BARBERIO was and is an individual residing in the County of Los Angeles, State of California.

2. Plaintiff alleges based upon information and belief that at all relevant times hereto, Defendant COSTCO WHOLESALE CORPORATION was and is corporation conducting business within the County of Los Angeles, State of California.

3. The true names and capacities of any defendants designated herein as DOES 1

through 50, inclusive, whether an individual, a business, a public entity, or otherwise, are presently unknown to plaintiff, who therefore sues said defendants by such fictitious names, pursuant to Code of Civil Procedure § 474.  Plaintiff is informed and believes, and on such information and belief allege, that each DOE defendant is responsible in some manner for the events alleged herein, and Plaintiff will amend the complaint to state the true names and capacities of said defendants when their true names and capacities have been ascertained.

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants sued herein as DOES 1 through 50, inclusive, was the agent and employee of each of the named Defendants and was at all times acting within the course and scope of such agency and employment with the full knowledge, consent, authority, ratification and/or permission of each of the named Defendants.

5. Plaintiff is informed and believes and based thereon allege that at all times mentioned herein, each of the defendants was the agent, servant, employee, and/or joint ventures of each of the remaining defendants and at all times, was acting within the course and/or scope of such employment, agency, service, or venture.

6. Plaintiff alleges that each defendant ratified the acts and/or omissions of each and every other defendant named in this matter.

7. Plaintiff is informed and believes and based thereon allege that at all times herein mentioned, each of the defendants was the co-tortfeasor of each of the other defendants and responsible for the total harm, damages and wrong suffered by each Plaintiff.

## GENERAL ALLEGATIONS

8. On or about September 22, 2019 at approximately 12:05p.m., Plaintiff SARA BARBERIO (hereinafter, "Ms. Barberio" or "Plaintiff"), visited Defendant's store, located at or about 13463 Washington Boulevard, Marine Del Rey, California 90292 (hereinafter, "Subject Property").

9. Ms. Barberio walked towards the rear left corner of the store, where Defendant stored its refrigerated meat products for sale.

10. As Ms. Barberio stood in front of the meat products and looked into the refrigerators, Ms. Barberio photographed the brisket products on display to text message them to Ms. Barberio's mother, in order to determine which products to purchase.

11. As Ms. Barberio so stood, Ms. Barberio felt something run over Ms. Barberio's left foot from behind, causing Ms. Barberio sudden and extreme pain to the foot and ankle area.

12. Specifically, Ms. Barberio felt something run up the side of Ms. Barberio's foot and down the back of the foot, including the ankle, and causing the foot to be pinched to the ground.

13. Ms. Barberio wore Birkenstock sandals at the time of accident, which leave the foot exposed in the rear.

14. As Ms. Barberio turned around in excruciating and severe pain, Ms. Barberio noted that Defendant's employee pushed a large cart filled with watermelons (hereinafter, "Subject Cart") down the aisle behind Ms. Barberio, and had just passed narrowly behind Ms. Barberio at the same time that Ms. Barberio felt the painful sensation in Ms. Barberio's left foot.

15. Due to increased pain in Ms. Barberio's foot, Ms. Barberio could barely walk immediately following the accident and noted Ms. Baberio's foot immediately beginning to bruise.

16. Ms. Barberio immediately flagged down a manager and reported the accident.

17. As a direct and proximate result of Defendant's failure to properly operate the watermelon cart in the Subject Property, Defendant's employee caused Plaintiff severe and extreme injuries that still affect Plaintiff's life to this day.

18. Plaintiff's claims are within the monetary jurisdiction of this honorable Court.

### FIRST CAUSE OF ACTION
### NEGLIGENCE
### (As Against All Defendants)

19. Plaintiff realleges and incorporates by reference every allegation contained in this Complaint as though set forth herein in full.

20. At all times material and relevant hereto, Defendant owed Plaintiff a legal duty to use reasonable care and caution when operating the Subject Property.

21. Defendant breached that duty of care by failing to properly operate the Subject Cart

in a safe manner, thereby striking Plaintiff and causing Plaintiff injuries that still affect Plaintiff's life through to the present day.

22. As a result of the negligence of Defendant, Plaintiff sustained injuries which still affect Plaintiff's life through to the present day.

23. Plaintiff alleges based upon information and belief that Defendant's breach of Defendant's respective duty(ies) of care was a substantial factor in causing Plaintiff's harm and was the direct and proximate cause of said harm.

### SECOND CAUSE OF ACTION
### PREMISES LIABILITY
### (As Against All Defendants)

24. Plaintiff realleges and incorporates by reference every allegation contained in this Complaint as though set forth herein in full.

25. At all times material and relevant hereto, owned, leased, occupied, and/or controlled the Subject Property.

26. On or about the day of the accident that is the subject of the instant lawsuit, Defendant was negligent in the use and/or maintenance of the Subject Property when Defendant's employee operated the Subject Cart in a careless and negligent manner, thereby striking Plaintiff's foot and causing Plaintiff severe and extreme injuries.

27. Plaintiff was harmed as a result of Defendant's negligent use and/or maintenance of the Subject Property in that Plaintiff suffered severe and extreme injuries as a result of the negligence of Defendant's employee.

28. Defendant's negligence was a substantial factor in causing Plaintiff's harm in that Defendant's employee's negligence and careless operation of the Subject Cart caused the collision with Plaintiff's foot, which in turn caused Plaintiff's injuries.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff SARA BARBERIO, prays for judgment against COSTCO WHOLESALE CORPORATION, and DOES 1 through 50 as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For all statutorily allowed damages; and

4. For such other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

WHEREFORE, Plaintiff hereby demands trial of all causes by jury.

Dated: October 20, 2020                    **MANN LAW GROUP**

By: _____
Christopher Mandalian, Esq.
Attorneys for Plaintiff,
SARA BARBERIO

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COSTCO WHOLESALE CORPORATION, a California Corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SARA BARBERIO, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Spring Street Courthouse
(El nombre y dirección de la corte es):
312 N. Spring Street
Los Angeles, CA 90012

CASE NUMBER: (Número del Caso):
20STCV40132

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Christopher Mandalian; Mann Law Group; 100 W Broadway, Suite 750, Glendale, CA 91210; (818) 296-9399

DATE: 10/19/2020
(Fecha)

Clerk, by Sherri R. Carter Executive Officer / Clerk of Court, Deputy
(Secretario) H. Flores-Hernandez (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov